## ROTAN vs. NICHOLS.

To a declaration on a bill of exchange given in part payment of the purchase money of a steamboat, the defendant pleaded facts tending to establish a *partial* failure of consideration, and misrepresentation of quality, without averring a return, or offer to return the boat, or a legal excuse : *Held*, that under this plea evidence might be given by way of recoupment of damages although the conclusion of the plea averred a *total* failure of consideration—the plea taking its character from its material averments, and not from its conclusion.

Equal certainly in description of a contract is required in a plea of set-off as in a declaration: and a variance between the allegation and the proof will be as fatal in the one case as in the other.

The admissions of a person united in interest with a party to the suit, are admissible in evidence against such party.

*Error to Drew Circuit Court.*

Hon. THEODORIC F. SORRELLS, Circuit Judge.

HARRISON, for the plaintiff.

Where a party defends an action on the ground of breach of

warranty, he should prove a return or offer to return the defective goods. 2 *Kent* 480; 6 *Eng*. 73; 5 *Ark*. 397; 17 *Ark*. 228.

Where a contract is relied upon in defence of an action, the proof must correspond with it as laid in the plea, or the defence fails. 6 *Eng*. 42; *Ib*. 339; 17 *Ark*. 32.

A partial failure of consideration cannot be given in evidence under a plea averring a total failure. 17 *Ark*. 607; 5 *Eng*. 274; 17 *Ark*. 9; *Ib*. 445.

GARLAND & RANDOLPH, for defendant.

Wherever a party would be entitled to a cross action to recover damages for failure of consideration or breach of warranty, ect., he may, upon plea of the facts, recoup the damages sustained. 17 *Ark*. 228; *Ib*. 254; *Ib*. 270; *Ib*. 445.

It is not essential to this right of recoupment that there was a return or offer to return the property alleged to be defective. *Desha vs. Robinson's ad'm.*, 17 *Ark*. 228.

Mr. Justice COMPTON delivered the opinion of the Court.

Nichols, the defendant below and appellee here, was sued in assumpsit upon a bill of exchange for the payment of one thousand dollars. As a defence to the action he pleaded non-assumpsit, to which issue was joined, and two special pleas, one of which only need be stated, and which alleges in substance as follows:

That on the 3rd December, 1853, Rotan & Knox being the owners of a certain steamboat, machinery, furniture and tackle called the "Joe Wilson," then lying at Ouachita City, proposed to the defendant to sell him said boat, machinery, furniture and tackle for the sum of two thousand dollars, and then and there fraudulently represented to the defendant, that said boat was new and had been afloat, or in use, not more than twenty-six months, and was sound, firm, substantial and in every respect seaworthy; and was of such size and tonage, that she could carry 300 bales cotton, of the ordinary size and weight made and put up on the Ouachita, Red and Saline rivers, on which it was the design of the defendant to employ said boat, as Rotan

& Knox well knew. And the plea further alleges that on the faith exclusively of these representations as to the age, quality and capacity of said boat, he having no means of testing their truth, agreed to, and did purchase of Rotan & Knox said boat, machinery, furniture and tackle, at said price of two thousand dollars; to secure one half of which sum and for no other consideration whatever, said defendant executed and delivered to said Rotan & Knox the bill of exchange in the declaration mentioned, and thereupon said boat, &c., was delivered to him. And the plea further alleges, that after giving said bill of exchange, the defendant for the first time learned and discovered, that said representations of Rotan & Knox in regard to the age, quality and capacity of said boat, were utterly false and fraudulent, and that said boat was at least five years old, had not capacity to carry more than 125 bales cotton of the size and weight aforesaid, and was so old and decayed in her hull and timbers as to be, as she in fact was, entirely unseaworthy and wholly valueless—so much so, that said boat, on etc., and while tied to and lying at shore, sunk and became and was literally lost, without any neglect or fault of those in charge of her and without her ever having received any injury after said purchase. And the plea further alleges, that from the time of said purchase until the sinking of the boat, it was impossible, and the defendant never did or could make or realize any benefit from the use of said boat, in consequence of her defects and worthlessness; and after her sinking, all the machinery, etc. saved of said boat was sold by the hands then on her for wages, and no benefit whatever was received by the defendant therefrom. The plea then concludes as follows: "And so said defendant in fact says that the consideration for which alone said bill of exchange was given, has wholly and entirely failed; and this he is ready to verify, wherefore he prays judgment, etc·

An issue as to the material allegations in this plea being made up, the cause was submitted to a jury, who found for the plaintiff and assessed his damages at $450, for which judgment was rendered, and he appealed.

The instructions asked for at the trial were inconveniently multiplied on both sides. Some were given and others refused; but it is unnecessary that we should notice more than two of them, as bearing materially on the merits of the controversy. The court instructed the jury at the request of the defendant: That if they believed from the evidence, that the defendant was induced by the false representations of Rotan & Knox to purchase the boat—he being without the means of ascertaining the truth of such representations—the defendant was entitled to recoup in damages an amount equal to the difference between the price at which the defendant purchased the boat and her real value, even though he had not returned her or offered to do so.

The doctrine laid down by the Supreme Court of the United States in *Withers vs. Green*, 9 *How.* 213, upon a review of many of the English and American adjudications, " that where fraud has occurred in obtaining, or in the performance of contracts, or where there has been a failure of consideration, total or partial, or a breach of warranty, fraudulent or otherwise, all or any of these facts may be relied on in defence by a party, when sued upon such contracts," was recognized and followed in *Wheat vs. Dotson*, 7 *Eng.* 708, and has been so fully discussed and applied in subsequent cases, that it is now the settled law of this court. Construing the defendant's special plea in bar, as it should be, according to its entire subject matter, without laying stress on what may be immaterial, or upon its conclusion, which is but matter of form, we hold that the plea, though it concludes as such, is not good as setting up a total failure of consideration, for the reason that it does not aver a recision of the contract, and a return of the boat, or an offer to return it, or any excuse for not doing so. We hold, however, that it is sufficient as setting up matter for recoupment, founded upon a breach of the plaintiff's warranty as to the quality and capacity of the boat, which, in a cross action, would have entitled the defendant to recover against the plaintiff such damages as he had sustained in consequence of the breach; and under such a

defence, it is immaterial whether the evidence adduced shows
that the defendant has sustained damages equal to the full
amount of the plaintiff's demand or not.   This principle is
recognized in *Desha's Ex'r. vs. Robinson, 7 Ark.* 228.   In that
case the action was upon a note payable to the Real Estate
Bank and assigned to the plaintiff.   The defence relied on
was that the consideration of the note was the transfer of the con-
trol and management of an execution on a certain judgment in
favor of the Bank, and that the Bank afterwards took control
and direction of the execution, without the consent and against
the will of the defendant, whereby, it was insisted, the consid-
eration of the note sued on had wholly failed—in all which the
plaintiff had participated.   The case came before this court on
demurrer to the defendant's plea.   Judge Scott delivered the
opinion of the court, and after discussing at considerable length
the doctrine of recoupment, and the law touching the recision
of contracts, remarks:   "It would seem to be clear, therefore,
that upon the interference of the Bank, set up in the plea, the
defendants below might have had redress by a specific perform-
ance upon a proper application to the courts; or could have
brought an action against the Bank for damages, for the breach
of the contract on her part; but they were not compelled to take
either remedy.   But, having the right to a cross action upon
this breach, on the part of the Bank, of the contract sued upon,
they thereby acquired the right, under the influence of the doc-
trines we have been considering, to set up that matter in their
plea, as they have done, and insist upon it, as in the nature of
a cross action for damages for that breach, and recoup the
amount of such damages, when ascertained, in diminution of
what the plaintiffs below would have been otherwise authorized
to recover.   The amount of such damages, the jury, of course,
would have to ascertain from the proofs, precisely as if a cross
action, in form, had been brought to recover damages for this
breach of the contract; and if found by them to be *less in amount*
than what they would have otherwise found for the plaintiff

below, then deduct the one from the other, and find their ver-
dict in favor of the plaintiff below, for the balance thus ascer-
tained. If, however, these damages should be found of *equal
amount* to what the plaintiff would have been otherwise entitled
to recover then they would find their verdict for the defendant
below." According to the view we have thus taken, the objec-
tion of the counsel for the appellant, that the instruction was
erroneous, for the reason that no evidence which fell short of
proving a total failure of consideration, could be legitimately
considered by the jury, under the issue to the special plea inter-
posed by the defendant, is not maintainable.

The plaintiff moved the court to instruct the jury: That if
they believed from the evidence that Rotan & Knox sold the
boat to Nichols, Anderson and Eager, and not to Nichols alone,
though Nichols himself gave his bill of exchange to pay the
purchase money, they should find for the plaintiff, under the
issue to the special plea, which the court refused to give, and in
refusing, erred. The plea, as we have seen, alleges a sale of
the boat to the defendant, Nichols, while the evidence shows a
sale to Nichols, Anderson and Eager jointly. This, according
to the authorities, was a fatal variance. Where the defendant
is allowed, in place of a cross action, to set up a breach of
warranty growing out of the contract of sale, as a matter of
defence to an action for the purchase money, no good reason
can be assigned why he should not be held to the same strict-
ness in pleading that would be required in a cross action.

In *Weall vs King et al.* 12 *East* 452, which was an action on
the case for a false warranty in the sale of sheep, the declar-
ation alleged a sale of the sheep to the plaintiffs by both the
defendants *jointly*. On the trial the evidence showed a sale
by one of the defendants only, and it was held that the plain-
tiff was not entitled to recover. In this case, Lord ELLEN-
BOROUGH, after referring to the contract alleged, and admitting
that the action was founded on tort, and that torts are in their
nature several, said: " The joint contract thus described is the
foundation of the joint warranty laid in the declaration, and

essential to its legal existence and validity; and it is a rule of law that the proof of the contract must correspond with the description of it in all material respects; and it cannot be questioned, that the allegation of a joint contract of sale was not only material, but essentially necessary to a joint warranty alleged upon record to have been made by the supposed sellers, and in whatever action, be the same debt, assumpsit, or tort, the allegation of a contract becomes necessary to be made; and such allegation, or any part of it, cannot (as here it certainly cannot) be rejected as mere surplusage: such allegation requires proof strictly corresponding therewith: it is in its nature entire and indivisible, and must be proved as laid in all material respects." See also *Lopes vs. De Tastet,* 1 *Brod. & Bing.* 538, (5 *Eng. C. L. Rep.* 787;) *Wilson vs. Clark,* 1 *Esp.* 273; *Ireland vs. Johnson et al.,* 1 *Bing. N. C.* 161, (27 *Eng. C. L. Rep.* 588.)

The court also erred in excluding the depositions of Hill and Scott. After proving a joint purchase of the boat by Nichols, Anderson and Eager, who stood in relation to each other as joint owners of the boat, the plaintiff offered these depositions to prove certain admissions of Anderson and Eager, and for that purpose, they were competent; because, Anderson and Eager being identified in interest with Nichols, their declarations were admissible against him. 1 *Greenlf. Ev. sec.* 171.

For the errors herein indicated the judgment must be reversed, and the cause remanded for further proceedings.